Yazoo & M. V. R. Co. *v.* Mothershed.

[85 South. 98, In Banc. No. 21054.]

1. APPEAL AND ERROR. *In husband's action for injuries, evidence of injuries to wife in same accident held harmless.*

   In a suit for injuries to a person injured at a railroad crossing, evidence of the nature and extent of injuries sustained by his wife in the same accident was inadmissible, but not reversible error in this case.

2. DAMAGES. *More than seven thousand dollars held grossly excessive for bruises and lacerations and injury to ankle.*

   In a suit for compensatory damages for personal injuries sustained at a railroad crossing, where the testimony showed that the injured party suffered bruises and lacerations to the face, body, and one leg, the severest injury being a laceration of great depth over the instep, in which were imbedded several pieces of glass, which were removed after an X-ray examination, which injury took two or three months to heal, and resulted in a slight deformity to the ankle, a verdict for over seven thousand dollars is grossly excessive.

APPEAL from circuit court of Quitman county.

HON. W. A. ALCORN, Judge.

Action by J. L. Dowdy against the Yazoo & Mississippi Valley Railroad Company. On plaintiff's death, the suit was revived in the name of E. L. Mothershed, administrator, and from a judgment for plaintiff, defendant appeals. Affirmed with remittitur.

*St. John Waddell, Charles N. Burch* and *H. D. Minor,* for appellant.

*Maynard & Fitzgerald,* for appellee.

SYKES, J., delivered the opinion of the court.

J. L. Dowdy instituted in the circuit court a suit for personal injuries sustained by him at Lambert, Miss., claiming that an automobile truck in which he was riding was struck by a train of the appellant railroad company; the truck being turned over and dragged by the engine thirty or forty feet, and Dowdy sustaining a number of lacerations, bruises, and injuries. The accident occurred in the incorporated town of Lambert, on the principal street crossing. The wife of Dowdy was in the truck with him, and also sustained severe injuries. Before the trial of the case Dowdy died from other causes eight months after the accident.

Mr. Dowdy sustained cuts and bruises on his face, and other parts of his body, and on one leg;his severest injury being a laceration of great depth over the instep, in which was imbedded three pieces of glass. He was taken at once to a hospital in Memphis, and remained in the hospital for a week or ten days under the treatment of the railroad surgeon. He returned to Lambert on crutches, and, the wound on his instep failing to heal, he went back to Memphis and consulted an eminent specialist of that city, who under an X-ray examination discovered glass imbedded in the instep. The glass was then removed and Mr. Dowdy improved very much.

The testimony, however, was conflicting as to whether or not before his death this wound had entirely healed. His wife testified that he still suffered with it, and that there was some deformity in the ankle at the time of his death, which caused him to run his shoes down, having great trouble to wear a shoe upon this foot, and that he was not able to walk as well as before the injury. After the death of Mr. Dowdy the suit was revived in the name of the administrator. The jury returned a verdict in favor of the administrator for twenty thousand dollars as compensatory damages. The circuit judge considered the verdict grossly excessive, and ordered that the amount over twelve thousand dollars be remitted; otherwise, he would grant a new trial. This remittitur was made by the plaintiff, and judgment was entered in the lower court in favor of the plaintiff for twelve thousand dollars.

There are numerous assignments of error presented on this appeal. Over the objection of the appellant the plaintiff was allowed to interrogate the specialist from Memphis and go into details about the nature and character of the injuries sustained by Mrs. Dowdy. This was error, but we would not reverse the case for this error alone. *Railway Co.* v. *Daniel,* 108 Miss. 358, 66 So. 730. Some of the instructions granted the plaintiff in the lower court were technically inaccurate; but we think, considering all of the instructions given for both parties, as a whole the case was fairly submitted to the jury.

We are of opinion, however, that the verdict is still grossly excessive, and after very careful consideration we have decided that under the facts relating to the extent of the injuries sustained by Mr. Dowdy a verdict for over seven thousand dollars is grossly excessive. If the appellee will remit five thousand dollars, the judgment will be affirmed; otherwise, the cause will be reversed and remanded.

*Affirmed, with remittitur.*